O

# United States District Court
# Central District of California

| | |
|---|---|
| VALERIE RUSSO,<br><br>                    Plaintiff,<br><br>          v.<br><br>APL MARINE SERVICES, LTD., a<br>corporation; JAMES LONDAGIN, an<br>individual; and DOES 1–10, inclusive,<br><br>                    Defendants. | Case No. 2:14-cv-3184-ODW(JCGx)<br><br>**ORDER GRANTING IN PART AND**<br>**DENYING IN PART PLAINTIFF**<br>**VALERIE RUSSO'S MOTION TO**<br>**STRIKE EXPERT [33]** |

## I.   INTRODUCTION

The instant action arises from an Independent Medical Exam ("IME") conducted by defense expert Dr. Lester Zackler, which Valerie Russo ("Plaintiff") argues was improperly audio recorded.  Plaintiff now seeks to strike Dr. Zackler, his report and his opinions.  Plaintiff filed a Motion to Strike Expert and, for the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion.  (ECF No. 33.)[1]

---

[1] After carefully considering the papers filed in support of and opposition to the Motions, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.    FACTUAL BACKGROUND

On May 15, 2015, the parties filed a Stipulation and Proposed Order authorizing a mental examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure.  (ECF No. 28.)   The parameters of the IME were negotiated and discussed by counsel prior to the exam, but there was no mention of whether Dr. Zackler's interview of Plaintiff would be recorded.

Pursuant to that stipulation, on May 18, 2015, this Court ordered Plaintiff to appear at the offices of Dr. Zackler on June 11, 2015 for a mental examination.  (ECF No. 29.)  The Court's order adopted the negotiated parameters of the IME, but did not explicitly authorize recordation.

When Plaintiff appeared for her examination, Dr. Zackler produced a recording device, and secured permission from Plaintiff herself to record the interview portion of the IME.  (ECF No. 35, Dr. Zackler Decl.)  Plaintiff claims that she mistakenly believed that she had no choice but to permit the recording as her participation in the session was pursuant to a Court order.  (ECF No. 33, Plaintiff Decl.)  Dr. Zackler claims that he was not aware that Plaintiff or her counsel had any objection to him audio-recording the interview.  (ECF No. 35, Dr. Zackler Decl.)  At no time during the interview or any other portion of the IME did Plaintiff raise any concerns regarding the fact that the interview portion of the examination was being recorded.  (*Id*.)

Dr. Zackler has conducted several hundred IMEs over the last several years, both for California state and federal cases, and it is his general practice to record all interviews.  (*Id*.)  Throughout this time, Dr. Zackler has never encountered a Plaintiff whose responses appeared to be adversely affected by the recording, and at no point during the interview did Dr. Zackler believe that Plaintiff's responses to questions were altered or otherwise affected by the recording.  (*Id*.)

Dr. Zackler claims that he has not listened to or otherwise reviewed the recording of Plaintiff's interview, and did not rely upon the recording in any way in

preparing his examination report.  (*Id.*)

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 35(a), when the mental or physical condition of a party is in controversy, the court may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.  The order may be made only on a motion for good cause.  Fed. R. Civ. P. 35(a).  Rule 35 of the Federal Rules of Civil Procedure requires that any order for a mental examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

### IV.   DISCUSSION

Plaintiff argues that case law establishes that a Rule 35 mental examination may be recorded only with a court order, and that such orders "are made only upon an affirmative showing of good cause."  (Mot. 3.)  Plaintiff further argues that Defendants did not establish "good cause" for audio taping the Rule 35 examination and that fairness mandates that the Court strike Dr. Zackler from Defendants' expert witness designation.  Defendants contend that Plaintiff fails to cite to any language in Rule 35, case law, or any other legal authority which supports this assertion.  (Opp'n 2.)

The parties cite several cases.  Neither party, however, cites relevant case law from the Ninth Circuit Court of Appeals or the United States District Court for the Central District of California.  There appears to be no such decision addressing whether the court should permit a party to audio record a Fed. R. Civ. P. 35(a) mental examination without a stipulation or court order addressing the same.

However, it is important to note that the majority of federal courts have declined to allow either recording or an observer into a Rule 35 mental exam absent a showing of special need or good reason.  *See EEOC v. Grief Bros.*, 218 F.R.D. 59, 63-

64 (W.D.N.Y. 2003); *Tomlin v. Holececk*, 150 F.R.D. 628, 631-632 (D. Minn. 1993); *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989); *Shirsat v. Mutual Pharm. Co., Inc.*, 169 F.R.D. 68, 70-71 (E.D. Pa.1996); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-610 (C.D. Cal .1995). Indeed, the decisions of other courts do not follow a hard and fast rule, but are decided on the particular factual circumstances of each case. *See, e.g.*, *Gavenda v. Orleans Cty.*, 174 F.R.D. 272, 274 (W.D.N.Y. 1996) (allowing Title VII sex discrimination plaintiff to have mental examination by defendant's psychiatrist recorded by audio tape); *Stoner v. New York City Ballet Co.*, No. 99CIV.0196(BSJ)(MHD), 2002 WL 31875404 (S.D.N.Y. Dec. 24, 2002) (not permitting defense expert to videotape plaintiff during defense psychiatric examination, as videotape was more intrusive than required and session could be adequately documented by audiotape).

Defendants cite to and rely on California Civil Procedure § 2032.530(a), which expressly gives the examiner and examinee the right to record a mental examination by audio technology.

However, this is a federal action subject to the Federal Rules of Civil Procedure, not a state action subject to California's procedural rules. *See e.g.*, *Carpenter v. Super. Court*, 141 Cal. App. 4th 249, 263 (9th Cir. 2006) (distinguishing between federal and state procedural requirements in the context of mental examinations and clarifying that "FRCP rule 35(a) does not require what is required by section 2032.320...."). Defendants' reliance on this California statute is misplaced.

Here, the issue of Plaintiff's mental examination is governed by Rule 35, and under "normal procedure" there is no video camera or other recording device permitted in a Rule 35 mental examinations. Just as third party observation of mental examinations is disfavored, so too is the presence of recording devices. *See Newman*, 272 F.R.D. at 514 (quoting *Holland v. U.S.*, 182 F.R.D. 493, 496 (D.S.C. 1998) (prohibiting videographer and noting that "the majority of federal courts have rejected

the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination")).

The majority of district courts in California that have allowed a recording device in a Rule 35 mental exam have done so in a Court order, *prior* to the exam, because the parties had consented to recordation. *See Ioane v. Spjute*, No. 1:07-CV-00620-AWI, 2015 WL 4252693, at *2 (E.D. Cal. July 13, 2015) ("Since both parties consented, the Magistrate Judge ordered that Dr. Winkle may record the sessions."); *Halliday v. Spjute*, No. 1:07-CV-00620-AWI, 2015 WL 3988903, at *4 (E.D. Cal. June 30, 2015) (allowing audio recording of Rule 35 mental exam because both parties have no objection); *Louen v. Twedt*, No. CV-F-04-6556 RECSMS, 2006 WL 1030220, at *4 (E.D. Cal. Apr. 19, 2006) (allowing mental exam to be recorded because Plaintiff asked for and received permission to record the examination on audiotape). Here, the parties did not consent to the audio recording, and as such, the issue of recordation was not addressed in the Court order.

The Court finds the rationale in *Tomlin* persuasive. *Tomlin* held that the presence of a third person or recording device might invalidate the results of the mental examination, because it would destroy the "level playing field" contemplated by Rule 35.  150 F.R.D. at 631–33.  The Court further held that such presence in the examination would inject a greater degree of the adversarial process into an evaluation that is intended to be neutral.  *Id*. at 633–34.  Lastly, the Court found that the recording of a Fed. R. Civ. P. 35(a) examination, albeit less intrusive than the presence of a third party, was generally inconsistent with the underlying purposes of such an examination.  *Id*. at 631.

Whether the Court permits the presence of a third person, either mechanical or human, depends upon the facts of the case.  *See e.g. Newman*, 272 F.R.D. at 514 (E.D. Cal. 2011); *Galieti v. State Farm Mut. Auto. Ins. Co.*, 154 F.R.D. 262, 265 (D. Colo. 1994).  Here, weighing the concerns of the parties, the expert witness, and other

1    district courts, this Court finds the presence of a mechanical recording device

2    inappropriate under the facts of this case. Defendants have demonstrated no need for

3    it. And while Plaintiff did consent herself to the recordation prior to the exam, her

4    attorneys were not present, and this fact was not stipulated to by the parties. There is

5    no right to record a Rule 35 mental examination, and a party cannot take it upon

6    themselves to unilaterally decide that an exam is to be recorded, especially given that

7    all parameters of the exam are to be decided by stipulation *and then* court order.

8          The Court holds that the presence of the recorder invalidated the results of the

9    examination, as it may have consciously or unconsciously influenced Plaintiff "to

10   exaggerate or diminish h[er] reactions" to the examination.  *See Holland*, 182 F.R.D.

11   at 496.  Plaintiff could have perceived the recording as "critical to h[er] case and

12   fail[ed] to respond in a forthright manner." *Id*.

13         Plaintiff argues that Dr. Zackler deceived Plaintiff and submitted a knowingly

14   misleading declaration regarding her failure to object to the recordation.  This is

15   simply not the case.  Dr. Zackler stated in his Declaration, and the audio recording

16   confirms, that Dr. Zackler asked Plaintiff for her consent to audio-record the interview

17   portion of the exam and she gave her authorization.  At no time during the interview

18   did Plaintiff raise any concerns regarding the fact the examination was being recorded,

19   she simply asked whether the recordation was mandatory, to which Dr. Zackler

20   responded that it was not.  Dr. Zackler also stated that it is his general practice to

21   record all interviews for defense IMEs, and there is no evidence that Dr. Zackler

22   intentionally tried to deceive or coerce Plaintiff.

23         With that being said, the audio recording invalidated the results of the interview

24   portion of the examination, neither party is allowed to rely on or refer to this portion

25   of the exam, it is to be excluded at trial, and the audio recording is to be destroyed.

26   Any reference to the interview portion of the exam in Dr. Zackler's report should be

27   stricken.  Dr. Zackler may remain as an expert witness and his report valid, so long as

28

the interview portion of the exam (and any opinions or conclusions drawn therefrom) is excluded from both testimony and the written report.

## V.    CONCLUSION

The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Strike Expert Dr. Zackler.  (ECF No. 33.)  Because the parties did not stipulate whether the Rule 35 mental examination was to be recorded and Defendants have demonstrated no need for it, the Court will exclude the audio-recorded interview portion of the exam. Dr. Zackler is not to be stricken as an expert witness; his testimony, opinions, and report may still be used, so long as he does not rely on any opinions or conclusions drawn from the interview portion of the examination.

**IT IS SO ORDERED.**

September 14, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**